[57 NYS3d 309]

In the Matter of MARTIN J. SCHANK, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 9, 2017

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Martin J. Schank,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981, and formerly maintained an office in Rochester. In February 2016, the Grievance Committee filed a petition containing two charges of misconduct against respondent, including practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction and making false statements during the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. The Referee has filed a report sustaining the charges and making findings in aggravation, which the Grievance Committee moves to confirm. Although respondent failed to file a written response to the motion, he appeared before this Court on the return date thereof, at which time he was heard in response to the motion.

With respect to charge one, the record establishes that, in 2012, respondent agreed to review and revise the bylaws for two homeowner associations that govern the condominium complex where he maintains a residence in Florida. The Referee found that, in February 2012, respondent sent to the homeowner associations a retainer agreement, which was printed on the letterhead for respondent's Rochester law office, wherein respondent agreed to review and revise those bylaws for the "discounted sum" of $5,500. The Referee further found that respondent subsequently received from the homeowner associations funds in the amount of $3,500 and, in March 2013, he sent to the homeowner associations proposed bylaws that contain numerous references to Florida law and citations to certain Florida statutes. Although respondent throughout this proceeding has asserted that he was hired by the homeowner

associations in his capacity as a "real estate professional" to prepare draft documents to be finalized by a Florida attorney, the Referee found that those assertions were not credible based on the documentary proof and testimony received in evidence during the hearing.

With respect to charge two, the Referee found that, from December 2015 through March 2016, respondent failed to cooperate in the investigation of the Grievance Committee by failing to appear for a scheduled interview with counsel for the Committee, failing to produce relevant documents in a timely manner, and making false statements in response to the allegations set forth in charge one.

Inasmuch as the factual findings of the Referee are supported by the record, we grant the Grievance Committee's motion to confirm them, find respondent guilty of professional misconduct, and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 5.5 (a)—practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction;

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

Although the Referee made advisory findings that respondent has violated certain other disciplinary rules, we decline to sustain those alleged violations inasmuch as they are not supported by the record.

We have considered, in determining an appropriate sanction, that respondent has previously received from the Grievance Committee several letters of caution concerning, inter alia, his failure to cooperate in prior grievance investigations. We have also considered the Referee's findings in aggravation of the charges, including that respondent obstructed the disciplinary process by failing to file a timely answer to the petition, failing to serve timely responses to discovery requests of the Grievance Committee, failing to comply with directives of the Referee concerning discovery and other prehearing matters, and making unsubstantiated claims that he either had complied with certain of those directives or was unable to do so for medical reasons. Accordingly, after consideration of all of the factors

in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. Although the Grievance Committee requests that the Court direct respondent to make restitution to the homeowner associations in the amount of $3,500, we deny that request inasmuch as the record does not establish that respondent "wilfully misappropriated or misapplied" those funds within the meaning of Judiciary Law § 90 (6-a).

SMITH, J.P., CARNI, DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of suspension entered.